IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWEST DIVISION

| | | |
|---|---|---|
| RODNEY A. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-5088-CV-SW-WAK |
| | ) | |
| AMERICAN GENERAL FINANCIAL | ) | |
| SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

      In August 2003, plaintiff Rodney Hall filed this lawsuit alleging defendant American General Financial Service, Inc., (hereinafter American General) violated Title VII, the Missouri Human Rights Act, the Fair Labor Standards Act and Missouri public policy. Hall also claims defendant defamed him and tortiously interfered with a business relationship.

      In response to the complaint, defendant filed a motion to compel arbitration. After consideration, the court found that employment disputes between Hall and American General, including all of the claims brought in this case, were subject to an arbitration agreement. Thus, on January 5, 2004, this case was stayed pending arbitration. An arbitration hearing was held in March 2005 and on July 14, 2005, the Arbitrator issued an award in full settlement of all claims submitted to arbitration. Shortly thereafter, plaintiff filed an appeal of the Arbitrator's award and defendant filed a motion to confirm the award of the Arbitrator. Several conferences have been held, numerous documents submitted, and the issues briefed. Plaintiff was given several extensions of time to file additional or supplemental pleadings.

      In an order dated December 20, 2005, plaintiff was told that if his pleadings were not filed by December 27, 2005, a ruling would be made using only the pleadings filed prior to that date. Plaintiff filed a response on December 28, 2005, and also a motion (1) for leave to file separately a reply brief relating to material facts, and (2) to compel documents. As stated in the order of December 20, 2005, plaintiff appears to be attempting to delay the proceedings and to

keep the stay of the award in effect. Accordingly, his motion of December 28, 2005, to compel and for leave to file an additional reply brief is denied.

Plaintiff's reply brief filed on December 28, 2005, was untimely and not accompanied by a motion for leave to file out-of-time. Given the procedural history of this case and the arbitration proceedings, the court is being extremely generous in giving any consideration at all to the pleading. Nevertheless, it has been carefully read and has been considered in the ruling herein. Plaintiff is advised, however, that if additional deadlines are set for any matter in this case, such leeway will not be given and sanctions may be considered. Plaintiff should make himself familiar with Fed. R. Civ. P. 11 and comply with its requirements.

The issue before the court is whether the Arbitrator's award should be confirmed or vacated. A liberal federal policy favoring arbitration was established with the Federal Arbitration Act, 9 U.S.C. §§ 1 -16, and courts must give "an extraordinary level of deference" to the underlying award. *Stark v. Sandberg, Phoenix & Von Gontard, P.C.*, 381 F.3d 793, 798 (8th Cir. 2004). The Act sets forth only four grounds for vacating an award. They are:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Thus, the court is not authorized to reconsider the merits even if the award rests on errors of fact. "Indeed, an award must be confirmed even if a court is convinced the arbitrator committed a serious error, so 'long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.'" *Stark v. Sandberg, Phoenix & Von Gontard, P.C.*, 381 F.3d at 798. Nevertheless, awards that are completely irrational or evidence a manifest disregard for the law may be vacated. *Boise Cascade Corp. v. Paper Allied-Industrial, Chemical and Energy Workers, Local 7-0159*, 309 F.3d 1075, 1080 (8th Cir. 2002).

2

> The "manifest disregard for the law" standard, drawn from *dicta* in two Supreme Court cases, is "extremely narrow" and has been characterized as a "doctrine of last resort" reserved for "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." We have said that "manifest disregard for the law" requires proof "that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it."

*MX, Inc. v. Zotec Solutions, Inc.*, No. 05-2552, slip op (8th Cir. Jan. 30, 2006) (internal citations omitted).

Here, Hall claims the award should be vacated because (1) there are 32 material facts incorrectly stated by the Arbitrator in his award; (2) the Arbitrator showed partiality toward the defendant, and plaintiff was prejudiced as a result; (3) the Arbitrator engaged in misconduct by allowing defendant to obstruct evidence; (4) plaintiff's requests for postponement so he could obtain replacement counsel were denied; and (5) the majority of the claims should have been heard by the federal court and not by the Arbitrator. (Doc. 45 at 1 - 2.)

The record in this case is voluminous, and the Arbitrator heard evidence for approximately seven and one-half days. The hearing began in Kansas City, Missouri, on March 8, 2005. On Friday, March 11, 2005, the Arbitrator granted plaintiff's request that the hearing be continued and the remainder of the evidence be heard in Springfield, Missouri. The hearing then resumed on March 23, 2005, in Springfield. Following the hearing, the parties were given the opportunity to submit post-hearing briefs on the substantive issues and the motions for sanctions. Additionally, at plaintiff's request, oral arguments were permitted and held on June 17, 2005.

The docket sheet reflects plaintiff knew in July 2004 that his attorney would be withdrawing from the case and that he would need to find substitute counsel. Dana Kollar-Miller was granted leave to withdraw on November 29, 2004. Further, plaintiff was advised by this court that he should attempt to find substitute counsel, and although plaintiff repeatedly indicated he was going to do so, the record reveals he did not do so. Thus, plaintiff had ample opportunity to obtain substitute counsel prior to the Arbitrator's hearing and apparently chose not to retain an attorney.

After considering the parties' suggestions in light of the relevant law, the court finds defendant's motion to confirm the award of the Arbitrator should be granted and plaintiff's appeal of the Arbitrator's award should be denied. The Arbitrator found plaintiff lacked

3

Case 3:03-cv-05088-SRB   Document 66   Filed 02/16/06   Page 3 of 4

credibility and explained in detail the basis for his not believing plaintiff and for the Arbitrator's decision in favor of defendant. Plaintiff has not come forward with any evidence that the statutory grounds for vacating an award have been met, or otherwise shown that the award was completely irrational or demonstrated a manifest disregard for the law.

Accordingly it is

ORDERED that plaintiff's motion of December 28, 2005, to compel and for leave to file an additional reply brief is denied. [61] It is further

ORDERED that plaintiff's untimely motion of January 27, 2006, for leave to file a brief under seal is denied. [64] It is further

ORDERED that defendant's motion of August 10, 2005, to confirm the award of the Arbitrator is granted, and plaintiff's appeals of August 1 and 4, 2005, are denied. It is further

ORDERED that judgment be entered in this case affirming the July 14, 2005, Award of the Arbitrator and August 5, 2005, Clarification of Award. [40, 41, 42] It is further

ORDERED that the stay of the Arbitrator's award is lifted.

Dated this 16th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4